PER CURIAM.
We reverse an agency’s rejection of an unambiguous factual finding with clear and indisputable record evidence to support it. In the past, we have affirmed numerous appeals of final orders from this agency on the basis that we could not disturb the referee’s factual findings against the claimant because there was some record evidence on which the referee could have relied. We can do no less in the few cases reaching us where the referee finds in favor of the claimant.
The factual dispute here turned on the claimant’s position that this employer hired her to do a particular job with definite duties at a specific rate of pay, but later piled on substantial other duties without additional pay and without providing any assistance to *608 her. Her employer testified that it had offered partial assistance on two days of the week, but she had declined it. In response, she testified that the supervisor at the office where she worked had arranged for the assisting employee to be transferred out of claimant’s office because the employee was too surly and got too easily flustered with details. Thus the offer of assistance, she contended, should be regarded effectually as no assistance at all.
In his findings of fact, the referee obviously resolved this contested fact in favor of the claimant, saying:
She attempted on two occasions to inform her supervisor about what the increased workload was doing to her productivity and schedule, but no arrangements to help her out were made, [e.s.]
The referee concluded that she had voluntarily left her job with good cause attributable to her employer. The UAC rejected this factual finding.
We think a reversal is required. It simply cannot be said that there is no record evidence to support the referee’s finding. While it is true that the employer did apparently offer some response to her repeated entreaties for a cure to the problem, it was well within the realm of the evidence we read in the record to find that the offer amounted to no help at all — in short, that “no arrangements to help her out were made.” They may have offered something, but they made no arrangements.
We disagree with the commission’s conclusion that, because it is impossible to find that no arrangements were offered, it necessarily follows that there is equally no record evidence for the actual finding that no arrangements were made. Without belaboring the matter further, we do not view such a reading of what the referee did put down on paper to be consistent with the UAC’s — or, for that matter, this court’s — review function.
REVERSED.
GUNTHER and FARMER, JJ., and MAY, MELANIE G., Associate Judge, concur.